**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20578
Summary Calendar

_____


PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,

Plaintiff-
Counter Defendant-
Appellee,

VERSUS

CONRAD DE LOS SANTOS,

Defendant-
Counter Plaintiff-
Appellant.


_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-1671)

_____


December 28, 1995

Before KING, GARWOOD, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Conrad de los Santos appeals a summary judgment in favor of

Provident Life & Accident Insurance Company ("Provident") on

Provident's declaratory judgment action and de los Santos's

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

counterclaims.  Finding no error, we affirm.

## I.

De los Santos participated in a series of internships with the federal public health service while he was in medical school. During one such internship, de los Santos suffered a knee injury that prevented him from obtaining a permanent job with the health service.  He later completed medical school and now works as a practicing physician.

Prior to the accident, de los Santos purchased a policy from Provident providing coverage against total disability.  Provident made insurance payments to de los Santos for approximately one year following his injury but then suspended them on the ground that he was an active medical student.

Provident filed this action, seeking a declaratory judgment that de los Santos is not entitled to benefits under the policy. De los Santos counterclaimed, alleging breach of the insurance contract and violations of the duty of good faith and fair dealing, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.  The district court granted summary judgment to Provident.

## II.

De los Santos contends that he is totally disabled from performing his occupation as a medical officer in the public health service.  The policy states that the insured is totally disabled if, because of injury or sickness, he is "not able to perform the

2

substantial and material duties of [his] occupation." The policy further defines "occupation" as "the occupation . . . in which [the insured is] regularly engaged at the time [he] become[s] disabled." Provident responds that de los Santos's occupation at the time of his accident was that of a student or physician, not an officer.

We review a grant of summary judgment *de novo*. *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Hanks*, 953 F.2d at 997.

We agree with the district court, which held as follows:

[T]he uncontroverted summary judgment evidence is that at the time of his injury, De Los Santos was not a career or commissioned officer in the United States Public Health Service. At the time of his injury, De Los Santos was a medical student assigned to a limited term tour of duty as a junior assistant health services officer for the COSTEP internship program, with no permanent status in the military. The uncontroverted summary judgment evidence is that during his COSTEP assignments, De Los Santos's material duties were to provide routine clinical services to patients, perform administrative services, and interview patients. These duties are consistent with an occupational classification as a medical student, and as a doctor of osteopathic medicine. The mere fact that

3

at the time he was injured, De Los Santos practiced these duties while taking part in a short-term Public Health Service internship program open to students in a variety of professional schools and vocational programs, does not make his occupation that of an officer in the uniformed medical corps.

De los Santos contends that the district court ignored uncontradicted evidence that he is a permanently commissioned officer. Other than his own affidavits, however, de los Santos presents no evidence of this status. Provident, on the other hand, presents uncontradicted evidence that the internship was a temporary job, lasting no more than 120 days in any year, and did not entitle de los Santos to a permanent job upon graduation. Assuming *arguendo* that "commissioned medical officer" is a distinct occupation, de los Santos has not met his burden of presenting specific evidence that he was "regularly engaged" in such an occupation at the time of his injury.

### III.

De los Santos alleges in tort that unspecified advertising misrepresented the extent of coverage. These tort claims are merely restatements of his contract claim, however, as he alleges only that the advertising states that the policy provides coverage when an insured cannot work in his occupation or specialty. As the district court found, de los Santos's temporary internship was not an occupation or specialty; it was simply a job.

We AFFIRM, essentially for the reasons ably stated by the district court.

4